**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

JAIME C. ROMERO,                )

                           )       No.: 24-cv-10864

         Plaintiff,          )

                           )       JURY DEMANDED

         v.                     )

                           )

OFFICER JOHN B. FORLENZA, the    )

LAKE COUNTY SHERIFF'S OFFICE, and   )

LAKE COUNTY, ILLINOIS,         )

                           )

         Defendants.        )

## COMPLAINT AT LAW

Plaintiff, JAIME C. ROMERO, by counsel, MOOR LAW OFFICE, P.C., states for his Complaint at Law against Deputy JOHN B. FORLENZA ("Forlenza"), the LAKE COUNTY SHERIFF'S OFFICE ("LCSO"), and LAKE COUNTY, ILLINOIS, as follows:

## JURISDICTION

1. This action arises under the United States Constitution, the Civil Rights Act of 1871, 42 U.S.C. § 1983. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. 1343(a)(3).

2. Venue is proper in this District under 28 US.C. § 1391 because all Defendants reside in the District and also because all of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

3. Deputy Forlenza was employed on December 31, 2023, and at all relevant times, by the LCSO, and at all relevant times alleged herein was acting under the color of law in the

course of his employment as a LCSO Deputy. This defendant is being sued in his individual/personal capacity.

4. The LCSO was, on December 31, 2023, and remains a local municipal corporation organized under the laws of the State of Illinois and it is sued under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), for the reasons stated below.

5. Lake County, Illinois is a municipal entity organized under the laws of the State of Illinois, and it is sued as an indemnity defendant under 745 ILCS 10/9-102.

6. On December 31, 2023, and at all relevant times, Plaintiff Janie C. Romero was a citizen of the United States and a resident of Island Lake, Lake County, Illinois.

**FACTS**

7. On December 31, 2023, Plaintiff, at about 6:30 a.m. in the morning, stopped fleeing arrest and was standing against a wall inside the Lake Cook Orthopedics Association in Lake Barrington Illinois.

8. Deputy Forlenza, who had been called to the scene with his canine "Dax," turned a corner in the hallway of Lake Cook Orthopedics Association and saw Plaintiff standing against the wall.

9. At the time that Deputy Forlenza located the Plaintiff in the Lake Cook Orthopedics Association building, the Plaintiff was not fleeing.

10. Instead of asking Plaintiff to submit to arrest as Plaintiff stood, not moving, against the wall, Forlenza let his canine Dax attack Plaintiff.

11. The canine jumped and bit the left and right leg of Plaintiff causing substantial injury to Plaintiff and causing him to collapse to the ground.

2

12.     The Plaintiff received medical treatment for his dog bite injuries, and is permanently scarred as a result of the attack.

## COUNT I – 42 U.S.C. § 1983 – Excessive Force
### (Jaime Romero v. Deputy Forlenza)

13.     Plaintiff adopts and re-alleges paragraphs 1 through 12, above, as paragraph 13of Count I, as if fully set forth herein.

14.     On December 31, 2023, and at all times relevant herein, it was the duty of Defendant Deputy Forlenza to refrain from using unreasonable force against others, including Plaintiff Jamie Romero.

15.     On December 31, 2023, in breach of said duty, Defendant Forlenza used unreasonable and excessive force in violation of the United States Constitution, while acting under the color of state law, by allowing a canine to bite Plaintiff with great force.

16.     The acts described above and herein were committed by Forlenza when he was not in fear of death or in fear of great bodily harm, and Plaintiff posed no threat of inflicting death or great bodily harm on himself, Forlenza, or anyone else.

17.     The acts described above and herein were committed by Forlenza were committed when Plaintiff was no longer fleeing.

18.     The actions of Defendant Forlenza in committing the acts described above and herein were willful, intentional, malicious, and/or done with reckless indifference and callous disregard for Plaintiff's rights, and was an abuse of power that shocks the conscience.

19.     As a proximate result of the excessive force inflicted by Defendant, Plaintiff sustained injuries, including physical and psychological pain and suffering.

WHEREFORE, Plaintiff JAIME C. ROMERO, respectfully prays that this Court enter judgment against Defendant, Deputy FORLENZA, awarding compensatory damages, attorney's fees and costs, punitive damages, and any other relief that this Court deems just.

Plaintiff demands trial by jury.

## COUNT II – 42 U.S.C. § 1983 – Excessive Force
### (Jaime Romero v. LCSO)

20.     Plaintiff adopts and re-alleges paragraphs 1 through 19 above, as if fully set forth herein.

21.     On December 31, 2023, the LCSO had a policy, practice and custom of allowing dogs on the Sheriff's Office Canine Team to attack, bite, and injure alleged criminals who were not fleeing and who did not present a threat of death or grave bodily injury to any Deputy, themselves, or any other person.

22.     Specifically, it is the LCSO's policy, practice and custom to allow its canines to bite and hold individuals subject to arrest even when the individual is not fleeing and/or posing a threat of death of great bodily harm to LCSO staff, themselves, or anyone else.

23.     The LCSO policy, custom and practice on the use of canine bites to "restrain" non-fleeing individuals who present no risk of causing death of great bodily harm violates the Fourth Amendment of the United States Constitution.

24.     On December 31, 2024, when the Plaintiff was standing still against a wall as Deputy Forlenza approached, he was subjected to the LCSO policy of allowing canines to attack and bite persons who are not posing a threat of death of great bodily harm to anyone and who are not fleeing.

25.     The unconstitutional LCSO policy, custom and practice on canine bites and holds to "restrain" non-fleeing individuals who present no risk of causing death of great bodily harm was

4

the proximate cause of the physical and emotional injuries and pain and suffering that the Plaintiff sustained on December 31, 2023 at the hands of Deputy Forlenza and his canine.

WHEREFORE, Plaintiff JAIME C. ROMERO, respectfully prays that this Court enter judgment against Defendant, the LAKE COUNTY SHERIFF'S OFFICE, awarding compensatory damages, attorney's fees and costs, and any other relief that this Court deems just.

Plaintiff demands trial by jury.

### COUNT III – 745 ILCS 10/9-102 – Indemnity
**(Jamie C. Romero v. Lake County, Illinois)**

26. Plaintiff adopts and re-alleges paragraphs 1 through 25, above, as if fully set forth herein.

27. As a local public entity that employed the Defendant Deputy Forlenza, and because it funds the LCSO, Lake County is required, pursuant to 745 ILCS 10/9-102, to pay any tort judgment or settlement for compensatory damages against Defendant Deputy Forlenza and/or the LCSO, for conduct committed within the scope of their employment activities, and may pay associated attorney's fees and costs.

28. This action is covered by 745 ILCS 10/9-102 to the extent of compensatory damages and attorney's fees and costs.

29. As a proximate result of Defendants conduct in the course of their employment, Plaintiff sustained injuries, including physical and psychological pain and suffering.

WHEREFORE, Plaintiff JAIME C. ROMERO , respectfully prays that if a judgment is entered against Defendant Deputy Forlenza or the LCSO, that this Court find LAKE COUNTY, ILLINOIS liable for any compensatory damages awarded to Plaintiff, and also prays for an award of attorney's fees and costs. Plaintiff further requests any other relief that this Court deems just.

MOOR LAW OFFICE, P.C.

/s/     Edward R. Moor

Moor Law Office, P.C.
53 W. Jackson Blvd., Suite 1527
Chicago, Illinois 60604
312-726-6207
erm@moorlaw.net

6